**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

MOHAN BOHARA,

     Petitioner,

v.                                         Case No. 2:25-cv-3166-MSN-cgc

CHRISTOPHER BULLOCK,

     Respondent.

---

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C.
§ 2241 AND DENYING AS MOOT MOTION TO EXPEDITE**

---

This matter is one of the hundreds of habeas cases filed in this district and nationwide that challenge a change in policy and statutory interpretation at the Department of Homeland Security ("DHS") regarding Immigration and Customs Enforcement's ("ICE") authority to detain aliens present in—but not lawfully admitted to—the United States. The pivotal question in these matters is whether these aliens are "applicants for admission" who must be detained without bond under Section 1225(b)(2)(A) of the Immigration and Nationality Act ("INA"), or if they are instead subject to Section 1226 of the INA, which provides for discretionary bond hearings.

**<u>BACKGROUND</u>**

Petitioner, Mohan Bohara, is a citizen of Nepal; he entered the United States from Mexico without inspection on February 20, 2023. (ECF No. 1 at PageID 1, 4; ECF No. 12 at PageID 42.) United States Customs and Border Patrol detained him shortly after he entered the United States, near Lukeville, Arizona. (ECF No. 1 at PageID 1.) Two days later, on February 22, 2023, he was released on an Order of Release on Recognizance, "[i]n accordance with section 236 of the

Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations." (*Id.* at PageID 1, 20.) He was also placed in removal proceedings and issued a notice to appear. (*Id.* at PageID 1, 17–19.) Petitioner has filed an I-589, Application for Asylum with the Immigration Court, which remains pending. (*Id.* at PageID 2.)

Petitioner was arrested on December 1, 2025, while attending an ICE check-in. (*Id.*) DHS now classifies Petitioner as an alien who is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A), mandating detention. (*Id.* at PageID 2–3.) He is detained at the West Tennessee Detention Facility in Mason, Tennessee and has filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition") seeking immediate release. (*Id.* at PageID 10–12.) He asserts that he is entitled to relief for a variety of reasons, including that the Government has incorrectly interpreted and applied the relevant statutory framework and that his continued detention violates due process. (*See id.* at PageID 12–14.)

## ANALYSIS

The legal arguments and factual circumstances in this matter are the same as those addressed in the Court's prior decision in *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602 (W.D. Tenn. Feb. 13, 2026).

For the reasons stated in *Gonzalez*, the Court has jurisdiction in this matter, and it will not require Petitioner to exhaust his administrative remedies. 2026 WL 413602, at *2–3 (citations omitted). However, Petitioner is not entitled to relief as requested in his Petition. As explained in *Gonzalez*, Petitioner is an "applicant for admission," who falls into the "catchall" category described in § 1225(b)(2)(A), and he is therefore subject to mandatory detention pending completion of removal proceedings under § 1229a. *See id.* at *3–10 (citations omitted).

2

In addition, because Petitioner has not been lawfully admitted to the United States, he is considered to still be "on the threshold of the border, regardless of his literal physical location." *Id.* at \*11 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020)).  As "an alien seeking initial admission to the United States," he "requests a privilege and has no constitutional rights regarding his application." *Id.* (citing *Landon v. Plascentia*, 459 U.S. 21, 32 (1982)).  He is, however, "entitled to the full panoply of statutory rights and procedures authorized by 8 U.S.C. § 1229a, because that is what has been afforded by Congress." *Id.* (citing 8 U.S.C. § 1225(b)(2)(A)).  But there is nothing in the record indicating that this process is not being afforded, so Petitioner's due process claim also fails.  *See generally id.* at \*11–12.

## **CONCLUSION**

As the Court expressed in *Gonzalez*, DHS's policy shift is, without a doubt, a difficult change for Petitioner and the multitude of other similarly situated individuals nationwide. The Court is sensitive to the impact this has on them, their families, and the ties that many of them have developed in this country. But courts are not policymakers, nor are they empowered to unilaterally change the plain text of a statute to avoid an outcome the law demands.  And whether DHS's policy shift "is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply is not the remit of an Article III court." *Gonzalez*, 2026 WL 413602, at \*13 (citing *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at \*6 (S.D. Tex. Nov. 13, 2025)).

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.  And because the Court has ruled, Petitioner's Motion for Expedited Consideration (ECF No. 17) is **DENIED AS MOOT**.  A judgment will be entered accordingly.

**IT IS SO ORDERED**, this 23rd day of April, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE